IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT § | | |
| OPPORTUNITY COMMISSION § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| PARRISH MACHINE, LLC § | | |
| PARRISH MACHINE & SERVICE, INC. § | | |
| Defendant. § | | |

## ORIGINAL COMPLAINT

1.      This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e *et seq.* ("Title VII) to remedy a breach of, and compel specific performance of, a Conciliation Agreement ("Agreement") between the Equal Employment Opportunity Commission ("EEOC" or "Commission") and Parrish Machine, LLC, a/k/a Parrish Machine & Service, Inc., ("Parrish Machine") and Rita Gomez, ("Charging Party" or "Gomez") arising out of allegations raised in a charge of employment discrimination filed by Rita Gomez.  The Agreement provided that Parrish Machine would make a monetary payment of Twelve Thousand Dollars ($12,000.00) to Gomez and provided that additional non-monetary relief was to be performed by Parrish Machine.  The specific terms of settlement of the charge were reduced to writing in the Agreement which was signed by all parties.  In accordance with the terms of the Agreement, full payment of the settlement monies should have been made to Gomez on or about August 19, 2009.  Parrish Machine has failed to comply with the terms of the Agreement and has not paid Gomez the $12,000 agreed to by the parties.  Parrish Machine has breached the Agreement by nonpayment.

Further, on information and belief, Parrish Machine is selling its assets to evade performance of the contract. The EEOC seeks to enforce the terms of the Agreement and requests the Court to order Parrish Machine to comply with the terms of the Agreement. Further, the EEOC requests the Court enjoin Parrish Machine from disposing of any corporate assets until it has satisfied the monetary terms of the Agreement.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3).

3.      Venue is proper in this court because the contractual Agreement and its subsequent breach, as described below, occurred within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.      The Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5.      Defendant Parrish Machine has continuously been and is now doing business in the State of Texas and the Houston and has continuously had more than 15 employees. Parrish Machine, LLC may be served by serving its registered agent for service of process, Craig Welscher, 1111 North Loop West, Suite 702, Houston, Texas 77008.  Parrish Machine & Service, Inc., may be served by serving its registered agent for service of

process, Culberson A. Parrish, 7419 Ave. O, Houston, Texas 77011.

6.     At all relevant times, Parrish Machine has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Gomez filed a charge of discrimination with the Commission alleging violation of Title VII by Parrish Machine. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     The Commission investigated Gomez's charge of discrimination and, after finding a violation of Title VII, issued a letter of determination on the charge.  Thereafter, the Commission engaged in voluntary conciliation efforts to resolve the charge. Ultimately, it was agreed, among other things, that within thirty (30) days of receiving a fully-executed conciliation agreement from the Commission, Parrish Machine would pay Gomez $12,000 by mailing a check to her at the address listed in the Agreement and a copy of the check would be mailed to the Commission's investigator.

9.     The Agreement was executed on behalf of Parrish Machine by its owner Culberson A. Parrish on June 26, 2009.  Charging Party signed the Agreement on July 1, 2009 and it was executed on July 13, 2009 on behalf of the Commission by R. J. Ruff, Jr., District Director of the Houston District Office.  On that same date, July 13, 2009, a copy of the fully executed Agreement was served on Parrish Machine.  The full payment should have been made by default no later than on or around August 19, 2009.

10.    More than thirty days later, the Commission was advised that Parrish Machine had not paid the settlement monies to Charging Party.  The Commission made

repeated efforts to contact Parrish Machine by calling Culberson Parrish, but had no success. Finally, on October 8, 2009, contact was made with Culberson Parrish, who was advised that the company was in breach of the Agreement and that immediate payment of the settlement funds to Gomez was required. Mr. Parrish eventually agreed the settlement funds would be paid to Gomez within two weeks of October 8, 2009. This belated promise to pay continues to go unfulfilled. In fact, on information and belief, rather than paying the monies owed to Charging Party, Culberson Parrish has pierced the corporate veil and is disposing of assets of Parrish Machine which could be used to satisfy its debt to Gomez and/or any judgment entered by this Court for breach of the Agreement for his own unjust enrichment.

11. As of the date of the filing of this action, Parrish Machine has not paid any of the monetary relief it owes Gomez under the terms of the Agreement. Parrish Machine's failure to pay its outstanding debt to Charging Party is a breach of the Conciliation Agreement for which the Commission seeks immediate specific performance and enforcement of all of the terms of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

12. Enter judgment ordering Parrish Machine to perform all of its obligations under the terms stated in the Conciliation Agreement;

13. Order, as a part of the judgment, that Parrish Machine make Charging Party whole by ordering Parrish Machine to pay Rita Gomez $12,000 within three days of its entry;

14. Enter Preliminary and Permanent Injunctions enjoining Parrish Machine and

Culberson Parrish from the sale or other disposition of any of the assets of Parrish Machine until payment of $12,000 has been made to Rita Gomez in satisfaction of the terms of the Conciliation Agreement.

15. Order, as a part of the judgment, that Parrish Machine post the notice to employees attached to the Agreement;

16. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

17. Award the Commission its costs in this action; and

18. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


By: /s/ *Kathy D. Boutchee*
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
EEOC
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

P:\ParrishMachine\ParrishMachine-OriginalComplaint.wpd